IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELROY SMITH | : | Civil No. 3:05-CV-0037 |
| Petitioner | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| JOHN ASHCROFT, et al. | : | A 35-545-149 |
| | : | |
| Respondents | : | |

**O R D E R**

June 20, 2005

**BACKGROUND:**

Petitioner Delroy Smith, an alien subject to an Ulster, New York immigration judge's final order of removal, is currently in the custody of Immigrations and Customs Enforcement, and is detained at Pike County Correctional Facility, Lords Valley, Pennsylvania. On January 6, 2005, Smith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention without bail and the immigration judge's final order of removal. On that same date Smith also filed a petition for an emergency stay of his removal pending the outcome of his § 2241 petition.

On January 7, 2005, we stayed Smith's removal pending the outcome of his

1

§ 2241 petition.  On January 31, 2005, following the government's court-ordered initial response to the petition, Smith filed with this court a copy of his motion to reopen deportation proceedings with the BIA, the purpose of which motion was to allow him to pursue INA § 212(c) relief as set forth in INS v. St. Cyr, 533 U.S. 289 (2001).  See 8 C.F.R. § 1003.44 (Rec. Doc. No. 6.)[1]  On June 2, 2005, following the passage of the Real ID Act of 2005, the government filed a motion for a partial transfer of Smith's petition in regards to the removal order issued by the immigration judge to the United States Court of Appeals for the Second Circuit.

We will now grant the government's motion for a partial transfer of Smith's petition and will dismiss the remaining portion of Smith's petition which challenges his detention without bail.

**DISCUSSION:**

I.  Partial Transfer of Smith's Petition to the
United States Court of Appeals for the Second Circuit

On May 11, 2005, President George W. Bush signed into law the Real ID

---

[1] According to the Board of Immigration Appeals automated hotline, Smith's February 2, 2005 "motion to reopen BIA jurisdiction" is pending.  The court is not aware of whether Smith has sought an administrative stay of his removal from the BIA.  Filing a motion to reopen with the BIA does not stay the execution of an order of removal.  8 CFR 1003.23(f).  Whether Smith's removal is stayed is legally significant. If Smith is removed from the country he will no longer be entitled to pursue a special motion to seek § 212(c) relief.  8 CFR § 1003.44(k)(1).

Act of 2005, H.R. 1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231.  Section 106 of the Real ID Act of 2005 amended section 242(a) of the INA to provide that the sole and exclusive means for judicial review of an order of removal shall be by petition for review in the applicable court of appeals, i.e., the court of appeals in whose jurisdiction the immigration judge issued the final order of removal.  The effective date for the amendment was May 11, 2005.  As part of the Act, Congress included transitional rules that require a district court to transfer any pending petition (or the portion of the petition relating to removal) to the applicable court of appeals.  Real ID Act of 2005 § 106(c), H.R. 1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231.  Therefore, to the extent Smith's petition challenges the underlying immigration judge's final order of removal, Smith's petition is transferred to the United States Court of Appeals for the Second Circuit.

## II.  Dismissal of Remaining Claims in Smith's Petition

Smith contends in his petition that his detention without an opportunity for bail is unreasonable.  The Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001) requires that aliens in post final-order detention have the opportunity to demonstrate that there is no reasonable likelihood that they will be deported in the foreseeable future.  Smith was taken into custody on December 20,

2004.  Smith filed his petition challenging his detention within three weeks of entering into ICE custody.  Since January 7, 2005 his petition challenging his final order of removal has been pending.  Briefly after granting his stay the court became aware of Smith's pending special motion to reopen his removal proceedings before the BIA in an effort to obtain INA § 212(c) relief.  That motion is still pending before the BIA.  As noted above, if Smith is removed from the country he will not be entitled to pursue his special motion seeking § 212(c) relief before the BIA.

Smith filed his petition well before the length of his custody reached the presumptively reasonable limit of six months in post-removal custody.  See Zavydas v. Davis, 533 U.S. 678, 701 (2001). In fact, when Smith filed his petition he had only briefly been in ICE custody, and although Smith has now been in detention for more than six months, nearly all of that time Smith's petition has been under review, which has served to stay his removal, and thus that time is not included in our calculation of whether the length of his detention is reasonable.  See INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii).  Furthermore, the government indicates Smith has failed to exhaust the administrative remedies available to him.  Therefore, to the extent his petition challenges his detention as unreasonable, it is dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The government's motion to transfer a portion of Smith's petition to the Second Circuit is granted. (Rec. Doc. No. 9.) Smith's petition, to the extent it challenges the underlying Ulster, New York immigration judge's final order of removal, is transferred to the United States Court of Appeals for the Second Circuit.

2. Smith's claim that his detention without an opportunity for bail is unreasonable is dismissed for the reasons stated above.

3. Smith's stay of his removal shall remain in effect and may be lifted by the Second Circuit, as this is the preferred practice of the Third Circuit in transferring petitions pursuant to the provisions of the Real ID Act of 2005 to the Courts of Appeals.

4. Smith's motion to reopen his removal proceedings is denied. (Rec. Doc. No. 6.) According to the BIA's automated hotline, Smith's motion to reopen removal proceedings remains pending before the BIA.

5. The clerk is directed to transfer the portion of the petition challenging Smith's removal to the United States Court of Appeals for the Second Circuit.

6. This order disposes of the remaining portion of the petition and closes Smith's case file in the Middle District of Pennsylvania.

                                                          <u>s/ James F. McClure, Jr.</u>
                                                        James F. McClure, Jr.
                                                        United States District Judge